Eugene Killian, Jr. (Bar No. 00208 1990)
Ryan Milun (Bar No. 04341 2006)
THE KILLIAN FIRM, P.C.
555 Route 1 South
Suite 430
Iselin, NJ  08830
732-912-2100
ekillian@tkfpc.com

*Attorneys for Plaintiff*

| | |
|---|---|
| POSCO DAEWOO AMERICA CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> ALLNEX USA, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  BERGEN COUNTY <br><br> Docket No.  BER-L-8917-16 <br><br> *Civil Action* <br><br> **SUMMONS** |

***FROM THE STATE OF NEW JERSEY TO:***

Travelers Casualty and Surety Company of America
One Tower Square
Hartford, CT  06183

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it.  The address for filing is: **Bergen County Superior Court, Civil Law Division, Finance Fee Office, 10 Main Street, Room 115, Hackensack, NJ  07601.** If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes

Justice Complex, CN-971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect you; you must file and serve a written answer or motion (with fee of $175 for Law Division and $175 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*s/Michelle M. Smith*

Michelle M. Smith
Clerk of the Superior Court

Dated:   January 5, 2017

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   DECEMBER 22, 2016
                         RE:     POSCO DAEWOO AMERICA CORP VS ALLNEX USA INC
                         DOCKET: BER L -008917 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHRISTINE A. FARRINGTON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                     ATT: EUGENE KILLIAN
                                     THE KILLIAN FIRM PC
                                     KILLIAN FIRM
                                     555 RTE 1 SOUTH  STE 430
                                     ISELIN          NJ 08830-3151

JUBTRU0
```

EUGENE KILLIAN, JR. *
RYAN MILUN **
LAURA V. STUDWELL *
AMY E. ROBINSON



\* MEMBER NJ & NY BAR
\*\* MEMBER NJ & CA BAR

# THE KILLIAN FIRM, P. C.
### ATTORNEYS AT LAW

December 16, 2016

**VIA NJLS**
Bergen County Superior Court
Finance Central Fee Office
10 Main Street
Room 115
Hackensack, NJ  07601

    Re:    Posco Daewoo America Corp. v. Allnex USA, Inc. and Travelers Casualty and Surety Company of America

Dear Sir or Madam:

Enclosed please find the original and two copies of the complaint in this matter, along with our firm's check in the amount of $250.00.

Kindly file and return one copy stamped filed and return in the enclosed stamped self-addressed envelope.

Thank you.

                  Sincerely,

                  THE KILLIAN FIRM, P.C.

                  By: _____
                  Helen Nardi
                  Legal Assistant

Enc.

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Eugene Killian, Jr. | (732) 912-2100 | Bergen |
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| The Killian Firm, P.C. | | L 8917-16 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 555 Route 1 South, Suite 430, Iselin NJ 08830 | | Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Posco Daewoo America Corp., Plaintiff | Posco Daewoo America Corp. v. Allnex USA, Inc. and Travelers Casualty and Surety Company of America |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 599 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ Yes ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ■ BUSINESS ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _/s/_

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

Eugene Killian, Jr.
THE KILLIAN FIRM, P.C.
555 Route 1 South
Suite 430
Iselin, NJ  08830
732-912-2100
ekillian@tkfpc.com

*Attorneys for Plaintiff*

| | |
|---|---|
| POSCO DAEWOO AMERICA CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> ALLNEX USA, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION:  BERGEN COUNTY <br><br> Docket No. L 8917-16 <br><br> *Civil Action* <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Posco Daewoo America Corp. ("Daewoo") (formerly, Daewoo International (America) Corp.), with its principal place of business at 300 Frank W. Burr Boulevard, Suite 23, Teaneck, NJ 07666, states:

NATURE AND BACKGROUND OF THIS ACTION

1. This is an action for damages resulting from a computer fraud incident for which defendant, Allnex USA, Inc. ("Allnex") is responsible, and which falls within the terms of insurance coverage sold by defendant Travelers Casualty and Surety Company of America ("Travelers") to Daewoo.

1

## THE PARTIES

2. Allnex is engaged in the business of supplying specialty chemicals, including resins.

3. Travelers is one of the largest insurance companies in the world, and is engaged in the business of, among other things, selling insurance policies for substantial premiums, including in the State of New Jersey.

4. Daewoo is a diversified company engaged in, among other things, the import, export and trade of chemicals.

## FACTS RELEVANT TO ALL COUNTS

5. In early 2016, an imposter claiming to be Jasmine Ho of Daewoo's accounts receivable department used a computer to send fraudulent emails to Allnex requesting wire payments to four separate Wells Fargo bank accounts to satisfy outstanding receivables owed by Allnex to Daewoo. Daewoo does not bank at Wells Fargo, and Allnex apparently did nothing to confirm the authenticity of the e-mails or the bank accounts before arranging for the transfers.

6. As a result of the computer fraud committed by the imposter, Allnex wired three separate payments totaling $630,058 to Wells Fargo accounts, on February 11, 2016, March 22, 2016, and April 1, 2016.

7. The first fraudulently induced wire payment for $140,800 was made to an account numbered 3735725378 on February 11, 2016. The imposter subsequently informed Allnex on February 26, 2016 that there was a "mix-up/typo" with the account number, and directed Allnex to make future payments to an account numbered 2484795238. On March 10, 2016, a follow-up email was sent by the imposter notifying Allnex of yet another change in the bank account number, from 2484795238 to 2484795346. When

2

two payments made to account no. 2484795346 by Allnex were rejected due to error, yet a fourth account numbered 2484795246 was provided by the imposter on March 21, 2016, with the imposter advising Allnex that the prior account number provided had been incorrect.

8. Inexplicably, despite receiving three incorrect account numbers on three separate occasions within a span of about one month, Allnex proceeded to make payment to the fourth fraudulent account number without verification. It appears that after the initial wires by Allnex, funds were transferred to another account by the imposter, and subsequently wired to Shanghai, China.

9. $262,444.54 of the stolen funds have been recovered by Allnex and were transferred to Daewoo, leaving a balance due to Daewoo from Allnex of $367,613.46.

10. Allnex is apparently taking the position that the unrecovered wire transfers satisfy the outstanding balance owed to Daewoo.

## FIRST COUNT

(Against Allnex for Breach of Express or Implied Contract)

11. Daewoo repeats each of the preceding allegations of this complaint.

12. Allnex promised to pay Daewoo the agreed-upon value of goods and services rendered.

13. Allnex has failed to pay $367,613.46 which is due and owing to Daewoo.

14. The acts and omissions of Allnex constitute a breach of contract, as a result of which Daewoo has been damaged.

WHEREFORE, Daewoo demands the entry of judgment against Allnex on this First Count, for compensatory damages; interest and costs of suit; attorneys' fees allowable by contract or statute; and such other relief as the Court may deem appropriate.

3

## SECOND COUNT

### (Against Allnex for Negligence)

15. Daewoo repeats each of the preceding allegations of this complaint.

16. Allnex owed a duty of due care to Daewoo when maintaining, processing and transmitting funds due and owing to Daewoo.

17. As the result of Allnex's negligence, $367,613.46 in funds owed and belonging to Daewoo were transmitted to an unknown third party.

18. As a result of Allnex's negligence, Daewoo has been damaged.

WHEREFORE, Daewoo demands the entry of judgment against Allnex on this Second Count, for compensatory damages; interest and costs of suit; attorneys' fees allowable by contract or statute; and such other relief as the Court may deem appropriate.

## THIRD COUNT

### (Against Travelers for Breach of Contract)

19. Daewoo repeats each of the preceding allegations of this complaint.

20. Travelers sold Daewoo a crime insurance policy numbered 106053220 for a premium of $8156 (the "Policy"), which included $500,000 of computer fraud coverage.

21. The Computer Fraud coverage grant in Section F1 of the Policy reads: "The Company will pay the Insured for the Insured's direct loss of… Money…directly caused by Computer Fraud."

22. The term "direct loss" is not defined in the Policy.

23. The Policy defines "Computer Fraud", in part, to mean: "The use of any computer to fraudulently cause a transfer of Money…from inside…Financial Institution Premises…to a person [or place] outside the…Financial Institution Premises."

4

24. The Policy defines "Financial Institution" to include a "bank." There is no requirement in the Policy that the "bank" be Daewoo's bank.

25. "Financial Institution Premises" are defined to mean "the interior of that portion of any building occupied by a Financial Institution…transfer agent or registrar or similarly recognized place of safe deposit."

26. Under applicable insurance law, a "direct loss" exists if a covered cause of loss is a <u>proximate cause</u> of the loss.

27. There is no legitimate question that "computer fraud," as defined by the Policy, set into operation a chain of causation that resulted in the loss to Daewoo. A criminal used a computer to cause the fraudulent transfer of hundreds of thousands of dollars belonging to Daewoo to other parties.

28. Daewoo duly submitted an insurance claim to Travelers, and has complied with all applicable conditions precedent. To the extent that any condition precedent may not have been complied with, the conduct of Travelers in denying coverage for the loss would have made such compliance futile, and such compliance is therefore excused.

29. The computer fraud committed by an unknown third party falls within the "Computer Fraud" coverage of the Policy.

30. Travelers has failed and refused to pay Daewoo's valid claim.

31. The conduct of Travelers constitutes a breach of contract, as the result of which Daewoo has been damaged.

WHEREFORE, Daewoo demands the entry of judgment against Travelers on this Third Count, for compensatory damages; interest and costs of suit; attorneys' fees allowable by contract or statute; and such other relief as the Court may deem appropriate.

## JURY DEMAND

Daewoo demands trial by jury as to all matters in this action so triable as of right.

## DESIGNATION OF TRIAL COUNSEL

Daewoo designates Eugene Killian, Jr. of The Killian Firm, P.C. as its trial counsel in this matter.

Dated: December 15, 2016

**THE KILLIAN FIRM, P.C.**
*Attorneys for Plaintiffs*

By: _____
EUGENE KILLIAN, JR.

## R. 4:5-1 CERTIFICATION

EUGENE KILLIAN, JR., of full age, certifies as follows:

1. I am a member of the Bar of the State of New Jersey, and I am a member of The Killian Firm, P.C., the attorneys for plaintiff in this action.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated. At this time, I am aware of no non-party who should be joined in this action or who is subject to joiner because of potential liability to any party on the basis of the same transactional facts.

6

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 15, 2016

                                                EUGENE KILLIAN, JR.

7